UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re Oakland Physicians Medical Center, LLC,

    Plaintiffs,

v.                                                     Case No. 18-12147

Yatinder Singhal                                 HON. AVERN COHN

    Defendant.
_____/

# MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW THE REFERENCE WITHOUT PREJUDICE

## I. INTRODUCTION

This is a bankruptcy case. Plaintiff, Basil Simon ("Simon"), as trustee of the Oakland Physician Medical Center, LLC Liquidation Trust, is suing Defendant, Yatinder Singhal ("Singhal") in Bankruptcy Court (Adv. P. Doc. 102).[1] The second amended complaint states a jury demand and seven counts:

- Count I: Re-characterization of Any Advances by Defendant
- Count II: Fraudulent Transfers (11 U.S.C. §§544, 548, 550, 551)
- Count III: Avoidance of Fraudulent Transfers (MCL §§566.31 et seq.)
- Count IV: Breach of Statutory Duty (MCL 450.4401 et seq.)
- Count V: Conversion (MCL 600.2919; MSA 27A 2919)
- Count VI: Equitable Subordination (11 U.S.C. §510)
- Count VII: Claim Disallowance (11 U.S.C. § 502)

(Adv. P. Doc. 102). Singhal has not consented to bankruptcy court jurisdiction and says he is entitled to a jury trial in a district court. Singhal has filed a motion to withdraw the reference. For the reasons stated below, the motion is DENIED without prejudice.

---

[1] Case Number 16-05120-mlo.

## II. BACKGROUND

This case arises from a voluntary petition for bankruptcy filed by Oakland Physician Medical Center, d/b/a Doctor's Hospital of Michigan, under Chapter 11. After the petition for bankruptcy was filed, the bankruptcy court appointed Simon as trustee (Bankr. Doc. 154).[2] Singhal filed a proof of claim in the bankruptcy case (Bankr. Claim 101-1) for loans and board fees amounting to $1,499,983.13. Shortly after Singhal filed the claim, Simon filed an objection and initiated an "adversary proceeding" in bankruptcy court (Adv. P. Doc. 1).

During the adversary proceedings Singhal filed a motion to withdraw the reference with this Court. Singhal requests withdrawal of Counts II, III, IV, and V. Singhal essentially seeks to bifurcate the bankruptcy complaint as follows:

- Count II, Count III, Count IV, and Count V – <u>Withdrawal requested</u>
    - Fraudulent Transfers (11 U.S.C. §§544, 548, 550, 551)
    - Avoidance of Fraudulent Transfers (MCL §§566.31 et seq.)
    - Breach of Statutory Duty (MCL 450.4401 et seq.)
    - Conversion (MCL 600.2919; MSA 27A 2919)

- Count I, Count VI, and Count VII – <u>Withdrawal not requested</u>
    - Re-characterization of Advances
    - Equitable Subordination (11 U.S.C. §510)
    - Claim Disallowance (11 U.S.C. § 502)

However, at the hearing before this Court, Singhal's stated he now seeks to withdraw only Counts IV and V.

The bankruptcy court recently heard cross-motions for partial summary judgment (Adv. P. Doc. 152, 153). The bankruptcy court issued a final decision as to the conversion claims. Singhal objected to the decision and restated his jurisdictional

---

[2] Bankruptcy Case Number 15-51011-mlo.

objections. The bankruptcy court is currently considering the jurisdictional objections and will hear arguments on January 10, 2019.

### III. LEGAL STANDARD

*A. Jurisdiction and Adjudicative Power of the Bankruptcy Court*

Pursuant to 28 U.S.C. § 1334, district courts have original jurisdiction over all civil proceedings "arising under" or "related to" title 11 bankruptcy cases. 28 U.S.C. § 1334(b). District courts generally refer such cases "and all core proceedings arising under title 11" to the district's bankruptcy court. 28 U.S.C. § 157(b)(1). "Section 157(b)(2) provides a non-exclusive list of proceedings designated as 'core.'" In re: FKF 3, LLC, 2016 WL 4540842, at *5 (S.D.N.Y. Aug. 30, 2016) (citing 28 U.S.C. § 157(b)(2)). Historically, any "core" proceedings could be decided by a bankruptcy court, and the bankruptcy court could enter a final order on these issues. With respect to "non-core" proceedings, the bankruptcy court can only enter a final order if the parties consent to its jurisdiction. Id. Otherwise, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court, which are then subject to *de novo* review. Id.

However, the Supreme Court altered this framework in Stern v. Marshall, 564 U.S. 462 (2011). In Stern, the Supreme Court held that the statutory designation of "core" or "non-core" does not determine whether a bankruptcy judge can make a final determination on the merits. Instead, the inquiry into whether state law counterclaims are within the adjudicatory power of bankruptcy courts hinges on "whether the action at issue stems from the bankruptcy proceeding itself or would necessarily be resolved in the claims allowance process." Stern, 564 U.S. at 499. The Supreme Court stated that

3

district courts must remain faithful to Article III of the United States Constitution by distinguishing between "actions that seek to augment the bankruptcy estate and those that seek a *pro rata* share of the bankruptcy *res.*" Id. (quoting Granfinancieria, S.A. v. Nordberg, 492 U.S. 31, 56 (1989)) (internal quotations omitted). In other words, if a state law counterclaim in a bankruptcy proceeding would not necessarily be resolved by disposition of the proof of claim adjudication (or defense thereof), the bankruptcy judge cannot enter a final decision on that issue, absent consent from the parties.[3] See Id.; Granfinancieria, 492 U.S. at 55–58; Waldman v. Stone, 698 F.3d 910, 921 (2012).

### *B. Seventh Amendment Rights in a Bankruptcy Proceeding*

In Granfinanceria v. Nordberg, the Supreme Court addressed the Seventh Amendment right to a jury trial in relation to bankruptcy proceedings, stating;

> If a statutory right is not closely intertwined with a federal regulatory program Congress has power to enact, and if that right neither belongs to nor exists against the Federal Government, then it must be adjudicated by an Article III court. If the right is legal in nature, then it carries with it the Seventh Amendment's guarantee of a jury trial.

492 U.S. at 55–56. The Supreme Court went on to say that issues such as state law contract actions, and breach of warranty claims are "paradigmatic private rights, even when asserted in the midst of Chapter 11 reorganization proceedings," and, accordingly, these issues trigger Seventh Amendment rights. Id. at 56.

However, the Supreme Court in Granfinanceria only decided the narrow question of "whether a person <u>who has not submitted a claim against a bankruptcy estate</u> has a right to a jury trial when sued by the trustee . . . ." 492 U.S. at 37 (emphasis added).

---

[3] In Wellness Intern. Network, Ltd. v. Sharif, 135 S.Ct. 1932 (2015), the Supreme Court held that a party can waive their right to have an Article III court adjudication and submit to the jurisdiction of a bankruptcy court.

4

Although there is no binding precedent on the issue of whether the filing of a proof of claim waives the right to a jury trial, district courts have held that such a filing does not necessarily waive a claimant's right to a jury trial in an adversary proceeding. See e.g., JLL Consultants, Inc. v. Goldman Kurland & Mohindin, LLP, 565 B.R. 556, 563 (D. Del. 2016); In re: FKF 3, LLC, 2016 WL 4540842 *5 (S.D.N.Y. Aug. 30, 2016); Burdette v. Emerald Partners, LLC, 2015 WL 4394859 *3 (W.D. Wash. Jul. 16, 2015). "Courts should not be eager to embrace an implied waiver of constitutional rights where there is an affirmative and timely assertion of those rights. JLL Consultants, 565 B.R. at 563 (quoting In re NDEP Corp., 203 B.R. 905, 912–913 (1996)).

*C. Withdrawal of Bankruptcy Reference in Light of a Jury Demand*

Under 28 U.S.C. §157, a "district court may withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy court] . . . for cause shown." 28 U.S.C. §157(d). Typically, district courts evaluate several factors when determining whether to withdraw the reference. See, e.g., In re: FKF 3, LLC, 2016 WL 4540842, at *5 (S.D.N.Y. Aug. 30, 2016); In re Merrillville Surgery Center, LLC, 2012 WL 3732855, at *2 (N.D. Ind. Aug. 28, 2012). However, application of such factors is not necessary "[i]f one of the parties files a jury demand, and all parties do not consent to a jury trial in the bankruptcy court, [because] cause for withdrawal is established." Laura B. Bartell, Motions to Withraw the Reference – An Empirical Study, 89 AM. BANKR. L.J. 397, 410 (2015) (citing Manning v. Methodist Hosps., Inc. (In re Merrillville Surgery Ctr., LLC), WL 3732855, at *3 (N.D. Ind. Aug. 28, 2012); Manley Truck Line, Inc. v. Mercantile Bank of Kansas City, 106 B.R. 696, 697 (D. Kan. 1989)); see also, In re Baker & Getty Fin. Services, Inc., 954 F.2d 1169 (6th Cir. 1992); In re Smith-Douglass, Inc., 43 B.R. 616,

5

619 (1984) (stating that although "there is no direct prohibition under the Bankruptcy Amendments and Federal Judgeship Act of 1984 against jury trials being conducted by the bankruptcy court, . . . the inability of bankruptcy judges to enter final judgements, absent consent of the parties, in noncore proceedings makes jury trials in such proceedings impractical.").

*D. District Court Discretion*

Bankruptcy courts have the power to submit proposed findings of fact and conclusions of law, even if these proposed findings related to "non-core" matters. For example, in Waldman v. Stone the Sixth Circuit remanded a case to the district court stating "the authority we direct the [district] court to exercises on remand [is that] . . . the bankruptcy court shall recast its judgment as to [the] affirmative claims as proposed findings of fact and conclusions of law, which the district court shall review *de novo.*" 698 F.3d at 922. "In doing so, the district court may 'accept, reject, or modify the proposed findings of fact and conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." Id. (quoting Fed. R. Bankr.P. 9033(d)). This instruction was consistent with well-established jurisprudence that a "district court may delay the withdrawal until completion of all pretrial matters in the bankruptcy court because of the bankruptcy judge's familiarity with the parties and the issues." Bartell, *supra*, at 410; see also In re: FKF 3, LLC, *supra* at *5 (stating "[i]f a case is non-core and a jury demand has been filed, a district court may find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference, or a district court might also decide . . . that the case at that time is best left in the bankruptcy court.").

## IV. ANALYSIS

The Court will delay any decision to withdraw because it would benefit from further proceedings in the bankruptcy court. The bankruptcy court is currently considering the parties' jurisdictional dispute and has more familiarity with this case. Accordingly, the Court will not issue a decision that would disrupt the bankruptcy proceedings prematurely. Singhal may revive his objections with the district court after the bankruptcy court has had an opportunity to explore the jurisdictional issues and render a decision.

## V. CONCLUSION

For the reasons stated above, Singhal's motion to withdraw the reference (Doc. 1) is DENIED without prejudice.

SO ORDERED.

s/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: 11/19/2018
Detroit, Michigan