UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re Oakland Physicians Medical Center, LLC,

    Plaintiffs,

v.                                                                    Case No. 18-12147

Yatinder Singhal                                              HON. AVERN COHN

    Defendant.
_____/

# MEMORANDUM AND ORDER VACATING BANKRUPTCY COURT'S SUMMARY JUDGMENT ORDER (Adv. P. DOC. 199) AND DIRECTING SUBMISSION OF A REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a bankruptcy case. Plaintiff, Basil Simon, as trustee of the Oakland Physician Medical Center, LLC Liquidation Trust ("the Trustee"), sued Defendant, Yatinder Singhal ("Singhal"), in an adversarial bankruptcy action that relates to claims filed against the bankruptcy estate (Adv. P. Doc. 102).[1] The second amended *complaint has seven counts:*

- *Count I: Re-characterization of Any Advances by Defendant*
- Count II: Fraudulent Transfers (11 U.S.C. §§544, 548, 550, 551)
- Count III: Avoidance of Fraudulent Transfers (MCL §§566.31 et seq.)
- Count IV: Breach of Statutory Duty (MCL 450.4401 et seq.)
- Count V: Conversion (MCL 600.2919; MSA 27A 2919)
- Count VI: Equitable Subordination (11 U.S.C. §510)
- Count VII: Claim Disallowance (11 U.S.C. § 502)

(Adv. P. Doc. 102). Singhal made a jury demand and did not consented to bankruptcy court jurisdiction. On July 10, 2018, Singhal filed a motion to withdraw Counts IV and V.

---

[1] Case Number 16-05120-mlo.

The Court denied the motion without prejudice because the case would benefit from further proceedings in the bankruptcy court. (Doc. 7). The bankruptcy court heard Singhal's jurisdictional objections and rendered a final order on Counts IV and V. (Adv. P. Doc. 199). Singhal has now renewed his motion to withdraw Counts IV and V and seeks reversal of the bankruptcy court decision. (Doc. 8).

## II. BACKGROUND

This case relates to a voluntary petition for bankruptcy filed by Oakland Physician Medical Center, d/b/a Doctor's Hospital of Michigan, under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532. After the petition for bankruptcy was filed, the bankruptcy court appointed Plaintiff as trustee (Bankr. Doc. 154).[2] At all relevant times, Singhal was an officer, chairman of the board, board member, shareholder, and member of the Debtor. Singhal filed a proof of claim (Bankr. Claim 101-1). Singhal's proof of claim says that the estate owes him for certain loans and board fees. Shortly after Singhal filed a proof of claim, the Trustee objected to Singhal's claims and initiated an "Adversary Proceeding" in bankruptcy court (Adv. P. Doc. 1).

During the bankruptcy proceedings, Singhal made jurisdictional objections and filed a motion with this Court seeking to withdraw the reference. Singhal's motion requested withdrawal of Counts II, III, IV, and V. (Doc. 1).

---

[2] Bankruptcy Case Number 15-51011-mlo.

The Court heard oral arguments on the motion to withdraw. Although Singhal's motion sought withdrawal of Counts, II, III, IV, and V, he stated at oral arguments he only seeks to withdraw Counts IV and V.[3]

The bankruptcy court also heard cross-motions for partial summary judgment (Adv. P. Doc. 152, 153). The bankruptcy court issued an order as follows:

- Plaintiff's Motion is granted relative to Plaintiff's claim of common law conversion and denied as to the claim of statutory conversion. Summary Judgment is entered in favor of Plaintiff and against Defendant in the amount of $1,078,500.00;

- Plaintiff's Motion is denied as to Counts II and III of Plaintiff's Second Amended Complaint;

- Defendant's Motion is denied as to Counts II, III, and IV of Plaintiff's Second Amended Complaint;

- Defendant's Motion for Summary Judgment as to Plaintiff's claim for statutory conversion is granted.

(Adv. P. Doc. 199). The remaining claims are set to be tried in the bankruptcy court.

### III.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1334, district courts have original jurisdiction over civil proceedings "arising under" or "related to" title 11 bankruptcy cases. 28 U.S.C. § 1334(b). District courts generally refer such cases "and all core proceedings arising under title 11" to the district's bankruptcy court. 28 U.S.C. § 157(b)(1). "Section 157(b)(2) provides a non-exclusive list of proceedings designated as 'core.'" In re: FKF 3, LLC, 2016 WL 4540842, at *5 (S.D.N.Y. Aug. 30, 2016) (citing 28 U.S.C. §

---

[3] Because Singhal did not represent that he takes issue with bankruptcy jurisdiction over the other claims, his consent to bankruptcy jurisdiction with respect to those counts can be assumed. Further, because this motion was previously briefed and argued, the Court declined to hear further argument or receive additional briefing before rendering its decision.

3

157(b)(2)).  Historically, "core" proceedings could be decided by a bankruptcy court, and it could enter a final order on these issues.  With respect to "non-core" proceedings, the bankruptcy court can only enter a final order if the parties consent to its jurisdiction. Id.  Otherwise, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court, which are then subject to *de novo* review. Id.

However, the Supreme Court altered this framework in Stern v. Marshall, 564 U.S. 462 (2011).  There, the Supreme Court was faced with a case in which a counterclaim was filed by a debtor's estate against a person that had filed a claim against the estate. 564 U.S. at 473.  The Court held that the statutory designation of "core" does not necessarily determine whether a bankruptcy court can make a final decision on the merits.  Instead, the inquiry into whether state law counterclaims are within the adjudicatory power of bankruptcy courts hinges on "whether the action at issue stems from the bankruptcy proceeding itself or would necessarily be resolved in the claims allowance process." Stern, 564 U.S. at 499.  The Supreme Court stated that district courts must remain faithful to Article III of the United States Constitution by distinguishing between "actions that seek to augment the bankruptcy estate and those that seek a *pro rata* share of the bankruptcy *res*." Id. (quoting Granfinancieria, S.A. v. Nordberg, 492 U.S. 33, 56 (1989)) (internal quotations omitted).  In other words, if a state law claim in bankruptcy court would not necessarily be resolved by the proof of claim adjudication, or defense thereof, the bankruptcy court cannot enter a final decision

4

on that issue, absent consent from the parties.[4] See Id.; Granfinancieria, 492 U.S. at 55–58; Waldman v. Stone, 698 F.3d 910, 921 (2012).

Significantly, Stern casts doubt on prior precedent that held certain claims were "core" and within the power of the bankruptcy court to enter a final decision under 28 U.S.C. § 157(b)(2). However, Stern did not have the effect of undermining prior precedent holding that certain claims were "non-core" under the statutory scheme of 28 U.S.C. § 157(b)(2).

## IV. DISCUSSION

### A.

Here, there is no dispute that the Trustee's claims are, at a minimum, "related to" the bankruptcy case. Thus, the bankruptcy court has jurisdiction over these proceedings. The question that remains is whether the bankruptcy court has the authority to enter a final order on the state law claims of conversion and breach of duty, which turns on whether these claims are considered "core" claims.

The Court finds that the state law claims are "non-core" claims.[5] Because the bankruptcy court does not have the power to make a final decision on "non-core" claims, and Singhal has not consented to bankruptcy court jurisdiction, he is entitled to a final determination by this Court.

### *I. Conversion Claim*

The Trustee says that because the conversion claim is entwined with other "core" proceedings, and part of the claims allowance process, the conversion claim is a "core"

---

[4] In Wellness Intern. Network, Ltd. v. Sharif, 135 S.Ct. 1932 (2015), the Supreme Court held that a party can waive their right to have an Article III court adjudication and submit to the jurisdiction of a bankruptcy court.
[5] Breach of Statutory Duty, MCL 450.4401 et seq.; Conversion, MCL 600.2919; MSA 27A 2919.

5

proceeding. Specifically, the Trustee says that disposition of the equitable subordination claim will necessarily resolve the conversion claim. However, "similarities between a core claim and a non-core claim do not create bankruptcy court jurisdiction." In re Jumuna Real Estate, LLC, 357 B.R. 324, 332 (2006). A conversion claim neither "invokes a substantive right provided under title 11, [n]or arises only in the context of bankruptcy." Id. Although the Trustee's claim for equitable subordination requires a showing of "inequitable conduct," and conversion <u>can</u> satisfy that element, it is not <u>necessary</u> to the resolution of that claim. The bankruptcy court can find that Singhal's conduct was inequitable without necessarily deciding that he is liable for conversion (or breached a duty of good faith), especially in light of the fraudulent transfer allegations present in the complaint.

    The Trustee's position, however, is not without merit. Precedent exists within this circuit that says a conversion claim can be construed as a "core" proceeding. In <u>In re Nat. Equipment & Mold Corp.</u>, 64 B.R. 239, 244 (1986), the bankruptcy court held that conversion claims are "core" because "conversion actions [] seek to recover that which the plaintiff is otherwise entitled," and "such actions are specifically designated as core proceedings under the provisions of 28 U.S.C. § 157(b)." However, this decision is unpersuasive for two reasons. First, the conversion claim here states that "the [] Trustee is entitled to triple damages," which would entitle the Trustee to more than what is owed and seeks to augment the bankruptcy estate. (Adv. P. Doc. 1). <u>See</u> <u>Stern</u>, 564 U.S. at 499 (holding that courts must distinguish between "actions that seek to augment the bankruptcy estate and those that seek a *pro rata* share of the bankruptcy *res*").

Second, this case was decided long before Stern, which limited the scope of what constitutes a "core" proceeding under 28 U.S.C. § 157(b)(2). Stern, 564 U.S. at 499.

Currently, the weight of authority favors a finding that a conversion claim is "non-core." See e.g., Deitz v. Spangenberg, 2013 WL 883464, at *5 (Mar. 8, 2013); In re Jumuna Real Estate, LLC, 357 B.R. 324, 332 (E.D. Pa. 2006); In re Windsor Comm. Grp., Inc., 79 B.R. 210, 211 (E.D. Pa. 1987); In re Naturally Beautiful Nails, Inc., 252 B.R. 574, 576 (Bankr. M.D. Fla. 2000); In re Haugen, 120 B.R. 124, 126 (D.N.D. 1990); In re CIS Corp., 172 B.R. 748, 758 (S.D.N.Y. 1994); Meadowlands Comm. V. Banker's Trust Co., 79 B.R. 198, 200 (D.N.J. 1987); In re Reda, Inc., 60 B.R. 178, 181 (Bankr. N.D.Ill. 1986). This weight of authority is analogous and persuasive. Accordingly, the conversion claim is a "non-core" claim.

*II. Breach of Statutory Duty of Good Faith*

Similar to the conversion claim, the Trustee argues that Singhal's breach of statutory duty is so closely associated to the "core" claims that it is necessarily resolved by the proof of claim process. However, like the conversion claim, the majority of courts have considered a claim for breach of fiduciary duty "non-core." See In re Michigan REIT, 87 B.R. 447, 453 (E.D. Mich. 1988); see also, Diamond Mort. Corp. v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990); In re Jumuna Real Estate, LLC, 357 B.R. 324, 332 (E.D. Pa. 2006); McCord v. Papantoniou, 316 B.R. 113, 121 (E.D.N.Y. 2004); In re Delaware & Hudson Rwy., 122 B.R. 887, 894 (D.Del. 1991); Johnson v. State Farm Mut. Ins. Co., 65 B.R. 650, 651 (Bankr. D.Colo. 1986). Although not an issue raised on appeal, the Sixth Circuit has categorized a claim for breach of fiduciary duty as a "non-core" claim. In re Cannon, 277 F.3d 838, 846 (6th Cir. 2002). Accordingly, Count IV for

breach of statutory duty of good faith is a "non-core" claim, which strips the bankruptcy court of the power to make a final decision on the issue, absent Singhal's consent.

B.

Singhal has the right to withdraw Counts IV and V because they are "non-core" proceedings that entitle him to an Article III court determination. However, this Court has the authority to direct the bankruptcy court to "recast its judgment as to [the] claims as proposed findings of fact and conclusions of law, which the district court shall review *de novo*." Waldman v. Stone, 698 F.3d at 910, 922 (2012); see also Fed. R. Bankr. P. 9033(d); 28 U.S.C. § 157.

## V. CONCLUSION

For the reasons stated above, the Order of Partial Summary Judgment (Adv. P. Doc. 199) is VACATED as it relates to Count IV (Breach of Statutory Duty, MCL 450.4401 et seq.) and Count V (Conversion, MCL 600.2919; MSA 27A 2919).

The bankruptcy court shall submit a report and recommendation that relates to its findings of law and fact on Count IV (Breach of Statutory Duty, MCL 450.4401 et seq.) and Count V (Conversion, MCL 600.2919; MSA 27A 2919).

SO ORDERED.

    s/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: 2/26/2019
Detroit, Michigan